IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────────

PETER J. LONG,

    Plaintiff,                                  OPINION AND ORDER

    v.                                             16-cv-779-slc

LINDA HARRING, PETER STIEFVATER,
WAYNE OLSON, PETER JAEGER,
RICHARD SCHNEITER and
QUALA CHAMPAGNE,

    Defendants.
───────────────────────────────────────────────────────────────

On March 19, 2017, I granted *pro se* plaintiff Peter J. Long leave to proceed with a First Amendment retaliation claim against several staff members at Thompson Correctional Center relating to retaliation he suffered after filing grievances about his cell assignment. Dkt. 11. In the same order, I denied him leave to proceed on claims that his rights to procedural and substantive due process had been violated. Long has now filed a motion for reconsideration, arguing that he also should have been permitted to proceed with a substantive due process claim. I am denying the motion.

Long argues that he has a substantive due process claim based on his allegations that he lost his seniority status for cell assignments even before he was issued, let alone found guilty of, the conduct report that was later used to justify loss of his status. He argues that under such circumstances, taking away his seniority status was clearly arbitrary and thus, violated substantive due process.

Long's theory is flawed. Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests."

1

*Sung Park v. Ind. Univ. Sch. Of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012) (*quoting Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). As I explained in the previous order, Long's position on the seniority list was not a liberty or property interest protected by the constitution. Nor is his place on the seniority list a fundamental right. Because his allegations do not implicate a fundamental right or a liberty interest, substantive due process does not apply. Moreover, the scope of substantive due process is very limited and "protects only against arbitrary government action that 'shocks the conscience.'" *Montgomery v. Stefaniak*, 410 F3d 933, 939 (7th Cir. 2005). Long's allegation that he was removed from the seniority list prior to issuance of a conduct report (of which he was ultimately found guilty on one charge) falls far short of this standard. Accordingly, Long's motion for reconsideration will be denied.

ORDER

IT IS ORDERED that plaintiff Peter Long's motion for reconsideration (dkt. 16) is DENIED.

Dated this 17th day of May, 2017.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge