IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

PETER J. LONG,

                Plaintiff,                                  ORDER

    v.

                                                        16-cv-779-slc

LINDA HARRING, *et al.*,

                Defendants.
_____

*Pro se* plaintiff Peter J. Long is proceeding with First Amendment retaliation and failure-to-intervene claims against four prison officials at the Thompson Correctional Center. Long, who now is housed at the Oakhill Correctional Institution, has filed two motions: (1) a motion asking the court to recruit a volunteer attorney to assist him in conducting depositions, dkts. 23-25; and (2) a motion to amend the scheduling order to add time for discovery pending the filing of summary judgment motions. Dkt. 29. I am denying the motion to appoint counsel and granting the motion to amend the scheduling order.

## I. Motion to Appoint Counsel

As a starting point, there is no right to counsel in civil cases. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014). A party who wants assistance from the court in recruiting counsel must meet several requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010). First, he must show that he is unable to afford counsel. Long has not done this. To show that he cannot afford counsel, Long must submit an affidavit of indigency, along with a copy of his trust account statement, to show that he lacks the means to afford counsel.

Second, Long must show that he has made reasonable efforts on his own to find a lawyer to represent him. Long *has* satisfied this requirement, by submitting several letters from local

attorneys who declined to represent him in this case.

But even if Long were to meet both of these requirements, I would still deny his request. Court assistance in recruiting counsel is appropriate only when the plaintiff demonstrates that he has one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). The question is not simply whether a lawyer might do a better job.

Long argues that the court should appoint a lawyer to represent him because (1) his case is legally and factually complex,(2) he needs to depose the defendants and four TCC sergeants who were witnesses, (3) the defendants and witnesses are either located at TCC or retired, making it logistically impossible for him to interview them, and (4) he has no legal training or experience. These reasons are not persuasive. Contrary to Long's assertions, this case is not particularly complex. As explained in this court's recent order in which I revised the leave to proceed order, dkt. 28, Long alleges that defendant Linda Harring retaliated against him in a number of ways for filing inmate complaints against her and other TCC staff beginning with his arrival at TCC in September 2015, and that the remaining defendants failed to intervene to stop Harring's retaliation. I dismissed two of the defendants, which reduces the number of defendants to four. To prove his claim against Harring, Long will have to show that (1) Long engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in Harring's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Proving this third element will require Long to show that Harring was aware that Long had filed inmate complaints against her and other TCC staff, and also to produce some evidence from which a jury reasonably could infer that Harring's alleged retaliatory actions were motivated by those complaints. To prove his failure-to-intervene against the remaining defendants, Long will need to show that (1) they were aware of Harring's retaliation and (2) they had a realistic opportunity to intervene to prevent it from occurring. *Lewis v. Downey*, 581 F.3d 467, 472 (7th Cir. 2009).

Neither of Long's claims require expert testimony or involve complicated fact patterns. Indeed, Long should be able to establish some of these elements through his own testimony and documents. As for evidence in the possession of defendants, Long has shown that he understands how to use interrogatories and requests for production to obtain this evidence. Overall, Long's submissions in this case and others before me show that he is well-organized, writes and thinks logically and has a basic working knowledge of the Federal Rules of Civil Procedure. Based on the quality of his submissions, I am satisfied that Long is able to litigate a case of this nature.

I understand that Long is asking for a lawyer only to help him conduct depositions. This begs the questions whether depositions are necessary, affordable or advisable. Long asserts that he needs to depose the defendants and certain witnesses because the assistant attorney general representing the defendants has failed to cooperate with his discovery demands and has unduly narrowed the scope of his retaliation claim. Dec. of Peter Long, dkt. 25, at ¶¶9, 10, 14. In my December 5 order, I clarified the scope of this case (by agreeing with Long's position) and I ordered defendants to answer many of the interrogatories and document requests to which they had objected. In light of that order, Long may find it unnecessary to conduct depositions.

3

Perhaps more importantly, I question whether Long has the money he will need to conduct depositions. Depositions are expensive and time-consuming. For each witness Long wants to depose, Long must comply with F. R. Civ. Pro. 45, including requesting the court to issue a subpoena, hiring a process server to serve it and then providing to the witness payment of one day's attendance at the deposition ($40) and mileage (53¢/mile). Long also must hire a court reporter to record and transcribe each deposition. The costs add up in a hurry, which is why pro se parties proceeding in forma pauperis rarely use depositions. Long would be well-advised to continue to use interrogatories, requests for production and requests for admissions to obtain the evidence he seeks.

As for non-party witnesses, I understand that Long has been transferred to another institution and is unable to speak directly to those witnesses. However, he may obtain statements from these witnesses by writing to them directly and asking that he or she prepare either a notarized affidavit or a declaration containing the necessary information. If the document is not notarized, then it must contain the following statement at the end of the document:

> I declare under penalty of perjury that the foregoing is true and correct.
>
> Executed on _____ [*date*].
>
> _____ [*Signature*].

*See* 28 U.S.C. § 1746.

If Long is able to obtain a declaration or notarized affidavit from non-party witnesses, he may use those documents as evidence at the summary judgment stage of this case.

If Long wishes to obtain *documents* from a non-party that they are not willing to provide voluntarily, he may request the appropriate subpoena form from the court. *See* Fed. R. Civ. P.

45. Specifically, he may request a "subpoena duces tecum" from the court, which would be an order requiring the non-party to give Long copies of papers, books or other things that he needs for his lawsuit. Long should consider the specific type of documents he needs before requesting a subpoena duces tecum, as he must list the specific documents he needs on the subpoena duces tecum form.

In sum, at this stage of the proceeding, Long has not shown that this is a case where appointment of counsel is necessary. Accordingly, his motion will be denied.

## II. Motion to Amend Scheduling Order

On December 7, 2017, Long filed a motion to amend the scheduling order on the ground that the state had refused to answer most of his discovery demands and the court had not yet ruled on the motion to compel. That motion appears to have crossed in the mail with this court's December 5, 2017 order amending the screening order and granting in part Long's motion to compel. Nevertheless, Long has not withdrawn his motion and it may take the state some time to respond to Long's discovery requests as directed in the December 5 order. Accordingly, I will grant Long's motion and extend the dispositive motion deadline for both parties to January 22, 2018.

In light of this order, I am denying Long's request for a telephonic scheduling conference. Dkt. 30.

ORDER

IT IS ORDERED that:

1. Plaintiff Peter Long's motion for assistance in recruiting counsel (dkt. 23) is DENIED without prejudice; and

2. Plaintiff's motion to amend the scheduling order (dkt. 29) is GRANTED. **The new deadline for filing dispositive motions is January 22, 2018.** All other dates in the Preliminary Pretrial Conference Order (dkt. 19) remain intact.

3. Plaintiff's request for a telephonic scheduling conference (dkt. 30) is DENIED as unnecessary.

Entered this 18th day of December, 2017.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge